McIlvaine, J.
On the trial in the court of common pleas, the plaintiff having offered evidence tending to prove the contract of purchase as above stated, the defendant offered an entry appearing in the books of the Marietta Coal and Iron Co., as follows:
“Eeb. 28, 1876, Ohio Coal Co., ■.....$8,500 60
TO MANUK AOTURED IRON.
180 gross tons 1st class 30 lb. rails at $45, . . $8,100 00
10 gross tons 2d class 30 lb. rails at $40, , . . 400 00
$8,500 00
BILLS RECEIVALBE.
Your notes Eeb. 28th, 6 months, , $2,833 33
“ “ “ “ 9 “ . 2,833 33—$5,666 66.”
And defendant also offered to prove by the clerk of the Marietta Coal and Iron Co. that these entries were made by him, under the order of the president of the company, about *196 one week after the date thereof, and after the date of the contract for the sale of said iron to the plaintiff; but did not offer to prove that the plaintiff had knowledge of the fact, time or circumstances of the entries. This testimony was admitted against the objections of plaintiff.
This testimony should have been rejected. It related to facts which were not part of the res gestae. They were acts and declarations of the vendor after the sale and delivery of the property. Nothing more. They were not competent to affect the plaintiff’s title previously acquired. The introduction of such proof cannot be justified on the ground that it was necessary to show fraud on the part of the vendor, as well as on the part of the purchaser. Fraud on the part of the vendor, if not participated in by the purchaser, was immaterial. And yet, its admission, as substantive proof, may have been prejudicial to the plaintiff.
This testimony was, no doubt, offered for the sake of an inference that the plaintiff’s purchase was not in fact made until after the levy; and although it did not tend legitimately to prove such fact, it is, nevertheless, plain that the jury may have been misled by it. /
And further, upon the trial, it having been shown that one Selden Granger (who was also a witness in the case), had acted as sole agent for the plaintiff in making the purchase of the iron from the Marietta Coal and Iron Company, the plaintiff, for the purpose of proving the good faith of said agent and the plaintiff in the transaction, asked said witness the following questions: “ State whether or not the purchase of said iron was made with the intention in good faith to make the Ohio Coal Co. (plaintiff), the owner of it ?” Also: “ State whether or not you intended, in any way, in said transaction, the purchase of said iron, to defraud the creditors of the Marietta Coal and Iron Company, by the purchase of said iron ?” To each of which questions an objection by defendant was sustained. The grounds of objection do not appear in the record ; and if the objection was to the form of the question, the ruling of the court should be sustained, as each question involved a conclusion of law, upon which it was not competent to take the opinion of the *197 witness. But if the ground of objection was that the witness was not competent to testify as to the intent or motive which influenced the purchase, the ruling of the court was clearly wrong. Whenever the intent with which an act is done becomes the subject of inquiry, the person performing the act, if competent to testify to the act itself, is competent also to testify as to the intent. Whatever may be thought of the truthfulness of such witness, it is clear that his means of knowledge are ample; and certainly it is no objection to the competency of a witness, that his means of knowledge as to the fact, to wit: the intent, surpass the means of any other witness as to the same fact.

Judgment reversed.